IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | |
|---|---|
| MINDY CHAPMAN, WILLIAM WHEELER, | ) CASE NO. 5:20-CV-01168-CEH |
| | ) |
| Plaintiffs, | ) MAGISTRATE JUDGE |
| | ) CARMEN E. HENDERSON |
| v. | ) |
| | ) |
| WESTLAKE FINANCIAL SERVICES, SHOOK AUTO, INC., JOHN DOES, 1-5; | ) **MEMORANDUM ORDER AND OPINION** |
| | ) |
| Defendants, | |

## I. Introduction

This matter is before the Court on Defendant Shook Auto Inc.'s motion to dismiss for lack of subject matter jurisdiction. For the following reasons, the Court DENIES the motion to dismiss.

## II. Procedural History

On May 28, 2020, Mindy Chapman and William Wheeler (collectively "Plaintiffs") filed this action against Shook Auto ("Defendant"), Westlake Financial Services, and John Does 1–5. (ECF No. 1). The suit arose out of Defendant's sale of a 2008 Ford F450 to Plaintiffs. (ECF No. 1 at 3). Plaintiffs claimed breach of contract, unjust enrichment, fraud, and breach of the Ohio Consumer Sales Practices Act ("OCSPA") against Defendant, asking for damages and injunctive relief. (ECF No. 1). Plaintiffs also claimed promissory estoppel and breach of the federal Fair Debt Collections Practices Act against Westlake Financial Services. (ECF No. 1 at 11). Plaintiffs alleged that this Court had jurisdiction under both diversity jurisdiction and federal question jurisdiction. (ECF No. 1 at 2). On December 1, 2020, Plaintiffs and Westlake Financial Services moved to

dismiss Westlake Financial Services. (ECF No. 18). The Court granted Plaintiffs' motion, dismissing Westlake Financial Services and all claims against it. (ECF No. 19). The parties consented to the undersigned's jurisdiction under 28 U.S.C. § 636(c) on January 19, 2021. (ECF No. 24).

On April 6, 2021, Defendant moved for summary judgment on all remaining claims. (ECF No. 28). The Court granted summary judgment on Plaintiffs' OCSPA and injunctive relief claims but denied summary judgment as to Plaintiffs' breach of contract, unjust enrichment, and fraud claims. (ECF No. 38). On September 27, 2021, Defendant moved to dismiss this lawsuit for lack of subject matter jurisdiction. (ECF No. 40). Plaintiffs timely responded on October 8, 2021. (ECF No. 41).

### III. Analysis

Defendant argues that this Court does not have subject matter jurisdiction over this case. Defendant alleges that "[a]lthough Plaintiffs at one time alleged other federal claims and state law claims that created stronger ties to this Court's jurisdiction, with the dismissal of such claims, the only thread keeping this case in federal court is diversity jurisdiction, which Plaintiffs can no longer claim in good faith." (ECF No. 40 at 4). Plaintiffs respond that the Court has both diversity jurisdiction under 28 U.S.C. § 1332 and supplemental jurisdiction under 28 U.S.C. § 1367(a) because jurisdiction is assessed at the time of filing. The Court will first consider whether the Court has diversity jurisdiction over this case.

United States district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . [c]itizens of different states." 28 U.S.C. § 1332(a). While a party can raise a challenge to subject-matter jurisdiction at any time prior to final judgment, all challenges are measured by the state of facts that existed at the time of filing. *Grupo Dataflux v. Atlas Glob. Grp.*, 541 U.S. 567,

570–71 (2004). "Jurisdiction, once established, cannot be destroyed by a subsequent change in events." *Klepper v. First. Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990). That is true, "even if part of the claim is dismissed on a motion for summary judgment, thereby reducing plaintiff's claim below the requisite amount[.] [T]he court retains jurisdiction to adjudicate the balance of the claim." *Id.* (citations omitted).

Thus, Plaintiffs are correct that subject matter jurisdiction is determined based on the state of facts at the time of filing. As such, the Court must consider whether there was diversity jurisdiction at the time of filing. There is no question that Plaintiffs and defendants were citizens of different states. Plaintiffs are citizens of Indiana. (ECF No. 1 at 2–3). Defendant is an Ohio Corporation with a principal place of business in Ohio. (ECF No. 1 at 3). Westlake Financial Corporation is a California Corporation. (ECF No. 1 at 3). Defendant does not challenge these facts. Therefore, Plaintiffs met the first diversity requirement.

In addition, Plaintiffs alleged monetary damages "in an amount in excess of $75,000.00." (ECF No. 1 at 2). "When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (citations omitted); *see also Rosen v. Chrysler Corp.*, 205 F.3d 918, 920–21 (6th Cir. 2000) ("[T]he amount claimed by a plaintiff in his complaint determines the amount in controversy, unless it appears to a legal certainty that the claim is for less than the jurisdictional amount." (citations omitted)). Defendant does not argue that, at the time of filing, Plaintiff's alleged amount-in-controversy was made in bad faith, but only that, after dismissal of certain claims, they can no longer meet the amount of controversy in good faith. However, as discussed above, the Court considers only whether there was subject matter jurisdiction at the time of filing.

At the time of filing, Plaintiffs requested compensatory damages, incidental damages, consequential damages, punitive damages, treble damages, noneconomic damages, and reasonable attorney fees and costs. (ECF No. 1 at 12). The Court finds that Plaintiffs adequately pled damages over $75,000. As Defendant points out in its Exhibit 1, Plaintiffs spent over $33,500 on the Ford F450 and its repairs.[1] (ECF No. 40-1 at 1). Under Ohio law, Plaintiffs can additionally obtain punitive damages up to two times the amount of the compensatory damages if Defendant's actions demonstrate malice or aggravated or egregious fraud. Ohio Rev. Code § 2315.21(C)–(D). Plaintiffs specifically claimed that Defendant was fraudulent. Plaintiffs alleged that Defendant made a false representation "with knowledge of its falsity" and Plaintiffs relied on the false representation. (ECF No. 1 at 10). This is sufficient to allow Plaintiffs to rely on the punitive damages from their fraud claim to meet the amount in controversy. *See Bennet v. E.F. Hutton Co.*, 597 F. Supp. 1547, 1561 (N.D. Ohio 1984) (concluding that where the plaintiffs alleged fraud, punitive damages could be used to calculate the amount in controversy "[r]egardless of plaintiffs' chances of actually recovering punitive damages"). Based on their fraud claim alone, a jury could award Plaintiffs $67,000 in punitive damages. Combined with over $33,500 in compensatory damages and potential damages from each of their other claims, Plaintiffs are well over the required $75,000. There is no argument that Plaintiffs made this claim in bad faith. The Court, therefore, concludes that it has diversity jurisdiction over this case and dismissal is not proper.

---

[1] In a footnote, Defendant claims that Plaintiffs failed to list Trucking Outlaws, LLC as a party to this lawsuit and, therefore, any damages claimed to be paid by Trucking Outlaws LLC would not be recoverable by Plaintiffs. However, Defendant did not properly develop this argument or provide any case law or evidence to support it. The Court, therefore, does not address it. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (citations omitted)).

Plaintiffs also argue that the Court has supplemental jurisdiction over their claims because, at the time of filing, Plaintiff alleged Westlake Financial Services breached federal law. *See* 28 U.S.C. § 1367(a) (stating that when a district court has original jurisdiction over a claim, it can exercise supplemental jurisdiction over all other claims that form part of the same case or controversy). However, because the Court has determined that it has diversity jurisdiction over this suit, it need not address this argument. The motion to dismiss must be denied.

## IV.    Conclusion

For these reasons, the Court DENIES Defendant's motion to dismiss.

IT IS SO ORDERED.

Dated: October 19, 2021

                                                                     s/ *Carmen E. Henderson*
                                                                     CARMEN E. HENDERSON
                                                                     U.S. MAGISTRATE JUDGE